# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEVENNUETTTE PRINCE,**

      **Plaintiff,**

  v.                                              Case No. 09C0442

**CITY OF MILWAUKEE,**

      **Defendant.**

## DECISION AND ORDER

Plaintiff, Devennuette Prince, a Milwaukee police officer, brings this employment discrimination action pursuant to 42 U.S.C. §§ 2000e, et seq., against defendant City of Milwaukee, alleging that defendant discriminated against her based on race (African-American) and gender by demoting her as a disciplinary sanction while imposing a less severe penalty on a similarly situated employee. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant now moves to dismiss on the grounds that plaintiff fails to state a claim because she did not timely file a charge with the Equal Employment Opportunity Commission ("EEOC").

To survive a Rule 12(b)(6) motion, plaintiff's complaint must give defendant fair notice of the claim and the grounds on which it rests and suggest that plaintiff has a plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). I construe the complaint in the light most favorable to plaintiff and draw all inferences in plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1091 (7th Cir. 2008).

An employment discrimination plaintiff must file a timely charge with the EEOC prior to filing suit. In the present case, plaintiff had to file her charge within 300 days of the date on which the "alleged unlawful employment practice occurred." See 42 U.S.C. § 2000e-5(e)(1). In her complaint, plaintiff alleges that on June 13, 2006, the City of Milwaukee's police chief decided to demote her after she became involved in an argument with another officer. Plaintiff further alleges that after the chief made this decision, plaintiff appealed to the City's Fire and Police Commission ("FPC"), which, on March 7, 2007, reviewed the chief's decision and upheld it pursuant to procedures established by state law. See Wis. Stat. § 62.50. Plaintiff continued to receive wages at her old pay grade and otherwise felt no consequences from the demotion until the FPC upheld the chief's decision. On April 25, 2007, more than 300 days after the chief's decision but less than 300 days after the FPC's decision, plaintiff filed a discrimination charge with the EEOC. Defendant argues that the chief's decision to demote plaintiff was the alleged unlawful employment practice and that therefore her EEOC charge was untimely. Plaintiff contends that the alleged unlawful employment practice did not occur until the FPC upheld the chief's decision, and that therefore her EEOC filing was timely.

Whether plaintiff's charge was timely turns on whether the chief's decision to demote her was, on its own, a "discrete act" of discrimination constituting an unlawful employment practice or whether no unlawful employment practice occurred until the FPC upheld the demotion. See Ledbetter v. Goodyear Tire & Rubber Co., Inc., 550 U.S. 618, 621 (2007); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).[1] If the

---

[1] Although the Lilly Ledbetter Fair Pay Act of 2009 overturned the holding of Ledbetter as it applies to "discrimination in compensation," 42 U.S.C. § 2000e-5(e)(3),

2

chief's decision was a discrete act of discrimination, plaintiff's charge must be deemed untimely even though the FPC might have overturned the chief's decision. This is so because the existence of an appeals or other collateral review process for challenging a discrete act of discrimination does not change the date on which the alleged unlawful employment practice occurred or toll the charging period. See, e.g., Delaware State Coll. v. Ricks, 449 U.S. 250, 260-61 (1980). Further, if the chief's decision was a discrete act, it does not matter that plaintiff felt no effects from the demotion until after the FPC reviewed and upheld the decision, because the charging period begins to run when the discriminatory decision is made, not when the decision is executed or its effects are felt most painfully. See, e.g., Ricks, 449 U.S. at 258; Lewis v. City of Chicago, 528 F.3d 488, 490 (7th Cir. 2008). However, if the FPC committed any fresh acts of discrimination during its review of the chief's decision – such as handling her appeal differently than it would have handled an appeal by an officer of a different race or sex – those fresh acts would themselves constitute discrete acts of discrimination and start the clock on a new charging period. See Ledbetter, 550 U.S. at 628 (stating that "if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed."). Finally, if the chief's decision was not itself a discrete act of discrimination – that is, if the alleged unlawful employment practice was not "complete" until the FPC reviewed and upheld the demotion, Lewis, 528 F.3d at 491 – then plaintiff's charge must be deemed timely because she filed her charge within 300 days of the FPC's decision.

---

plaintiff does not allege that she was subject to any such discrimination or otherwise argue that the new legislation affects the legal standards applicable to her claim.

Whether the chief's decision to demote plaintiff was itself a discrete act turns on whether the chief had the authority to demote plaintiff or whether the chief could only recommend to the FPC that it demote her. Put differently, the dispositive question is whether the chief or the FPC was the decisionmaker. See Lever v. Northwestern University, 979 F.2d 552, 553-55 (7th Cir. 1992). If the chief was not the decisionmaker and could only recommend demotion, then her recommendation was not a complete act of discrimination because her action resulted only in a "tentative" decision that would not become "final" until the FPC – the true decisionmaker – decided to act on the recommendation. Id.; see also Ricks, 449 U.S. at 261 (suggesting that an "expression of intent" or "tentative" decision is not a final action amounting to a discrete employment action). However, if the chief was the decisionmaker – that is, if the chief's decision to demote plaintiff was final and self-effectuating unless plaintiff commenced an optional appeal to the FPC – then the chief's decision was a discrete act. Lever, 979 F.2d at 554-55.

I conclude that the allegations of plaintiff's complaint establish that the chief made a final decision subject only to an appeal to the FPC, and that therefore the chief's decision was a discrete act of discrimination that commenced the time to file a charge with the EEOC. The complaint alleges that the chief "ordered that the plaintiff be demoted," and that the FPC "reviewed and upheld" that decision. (Compl. ¶¶ 11-12.) With these allegations, plaintiff has pleaded herself directly into the line of cases stating that when an employer makes a final, self-effectuating decision, the time to file an EEOC charge alleging that the decision was based on discrimination commences on the date of the decision,

4

even if the decision is subject to a grievance, appeals or other collateral review process. E.g., Ricks, 449 U.S. at 260-61; Lever, 979 F.2d at 554-55.

Plaintiff attempts to avoid this result by arguing that under state law only the FPC, and not the chief, had the authority to demote plaintiff. However, the Wisconsin statute governing officer discipline establishes that the chief has the authority to make final disciplinary decisions subject only to an optional appeal to the FPC. Wisconsin Statute § 62.50(9) provides that all members of the force "hold their respective positions at the pleasure of their respective chiefs, subject only to trial [by the FPC]." If the chief takes disciplinary action, he or she must give written notice to the officer, who "may appeal from the order of discharge or suspension or discipline to the [FPC]." Wis. Stat. § 62.50(13) (emphasis added). If the officer appeals, the FPC conducts a trial, determines whether there is just cause to sustain the charges, and if it finds that there is just cause, determines whether the "good of the service" requires that the officer be disciplined as ordered by the chief or whether some other discipline is more appropriate. Wis. Stat. § 62.50(17). Thus, the chief's decision was final, self-effectuating and subject only to an optional appeal, and therefore it was a discrete act that started the charging period. Plaintiff's claim based on the chief's action is therefore time-barred and will be dismissed.

However, the complaint does not foreclose the possibility that the FPC engaged in fresh acts of discrimination during the appeals process. As noted, if the FPC itself treated plaintiff differently because of her race or sex, then the FPC would have committed a discrete act of discrimination that was independent of the chief's. The complaint alleges that both the chief and the FPC engaged in discriminatory practices, but this allegation is so conclusory that it is impossible to determine whether plaintiff believes that the FPC

5

harbored any discriminatory intent against her or whether she believes that the FPC acted unlawfully merely because it refused to overturn the chief's discriminatory decision. If plaintiff believes the latter, she has no claim because the FPC's refusal to undo the chief's discrimination is not itself an unlawful employment practice. Lever, 979 F.2d at 556 ("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination."). Again, however, it is possible that plaintiff means to allege that the FPC engaged in its own discriminatory conduct. Thus, I will grant plaintiff an opportunity to amend her complaint to clarify whether she means to allege that the FPC handled her appeal in a discriminatory manner. If she does not within twenty days of the date of this order file an amended complaint alleging that the FPC engaged in discrimination independently of the chief, I will instruct the clerk to enter final judgment dismissing this action.

Therefore, for the reasons stated, defendant's motion to dismiss the complaint is **GRANTED**. Plaintiff may file an amended complaint as instructed above within **TWENTY DAYS** of the date of this order. If no amended complaint is filed within twenty days, the Clerk of Court will be instructed to enter final judgment.

Dated at Milwaukee, Wisconsin this 29 day of July 2009.

/s_____
LYNN ADELMAN
District Judge